UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARREA CHRISTOPHER,<br><br>Plaintiff,<br><br>v.<br><br>SANTANDER CONSUMER USA Inc.,<br><br>Defendant. | Case No.: 3:23-cv-01608-JAH-DEB<br><br>**ORDER DENYING MOTION TO LIFT STAY & MOTIONS FOR SANCTIONS**<br><br>**[ECF Nos. 19, 24, 25]** |

## BACKGROUND

On December 27, 2024, Plaintiff Carrea Christopher ("Plaintiff") filed a motion to lift the stay in the above-entitled matter. ECF No. 19. On April 15, 2025, the Court set a briefing schedule on Plaintiff's motion to lift the stay (ECF No. 21), and on May 30, 2025, Defendant Santander Consumer USA Inc. ("Defendant") filed its response in opposition (ECF No. 23). On June 20, 2025, Plaintiff also filed two motions for sanctions against Defendant pursuant to Federal Rule of Civil Procedure 11. ECF Nos. 24, 25. Defendant has responded to one of Plaintiff's motions for sanctions, ECF No. 26, but has not addressed the arguments present in Plaintiff's second motion for sanctions in ECF No. 25. Defendant has also filed a response to Plaintiff's filings regarding the status of arbitration, ECF No. 28, and Plaintiff has replied to Defendant's response. ECF No. 29.

### a. Procedural Background

Earlier in the above-entitled matter, the Court granted Defendant's motion to compel arbitration on August 29, 2024. ECF No. 18. The Court found that (1) the Federal Arbitration Act, 9 U.S.C. §§ 2 et seq., applied to the contract signed between Plaintiff and Defendant given the agreement's arbitration clause, (2) the agreement was valid, and (3) Plaintiff's claims were covered by the scope of the arbitration clause. *Id*. at 4-7. The Court also granted Defendant's request to stay the matter in order to allow the case to proceed in arbitration pursuant to 9 U.S.C. § 3. *Id*. at 8.

### b. Factual Background

Plaintiff's complaint alleges that Knight Brook Insurance, Bridger Insurance, and Defendant Santander Consumer USA breached their contract with Plaintiff after Plaintiff's car was damaged in a collision. Compl. at 3 (ECF No. 1).[1] Plaintiff alleges that, despite having a valid insurance contract that would allow Plaintiff to receive an insurance pay-out for Plaintiff to fix his car, Defendant pressured Plaintiff into declaring the car a total loss. *Id.* at 4. Plaintiff also alleges that Defendant made multiple representations to Plaintiff that it "would pay off the vehicle" and that an insurance payment for the car was en route to Plaintiff, but Plaintiff contends he has received no payment to date. *Id.* at 5. Instead, Plaintiff alleges that Defendant continued to send him bills requesting payment relating to the car collision. *Id.* Plaintiff alleges that, even though his contractual rights allowed him to receive an insurance payment from the Defendant to fix his car, Defendant engaged in multiple practices to postpone, "hold[-]up" and delay the insurance payment. *Id.* at 6. Plaintiff has raised multiple breach of contract claims against Defendant. *Id.* at 6-9. The Court, in its Order granting the motion to compel arbitration, has previously

---

[1] On April 29, 2025, Plaintiff voluntary dismissed Knight Brook Insurance and Bridger Insurance as named defendants in this case pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). ECF No. 22.

construed Plaintiff's breach of contract claims "as two separate causes of action: fraud and breach of contract." ECF No. 18 at 2, n.2.

Since the Court's August 29, 2024 Order granting arbitration in this matter and entering a stay of the civil proceeding pending the outcome of arbitration, no arbitration has been initiated in this case. The case has remained stayed with no adjudication of Plaintiff's breach of contract claims for over one year. The parties dispute the reasons for the failure to initiate arbitration in the instant matter. The Court will review Plaintiff's motion to lift the stay for failure to arbitrate, and Plaintiff's motion for sanctions against Defendant, in separate sections.

I.      **Plaintiff's Motion to Lift the Stay**

Plaintiff moves to lift the stay entered by the Court in ECF No. 18 because Defendant has allegedly delayed or frustrated arbitration. ECF No. 19 at 2 Plaintiff argues Defendant "never spoke to the Plaintiff, nor made any attempt for an arbitration date." *Id*. Plaintiff contends that, given the matter's pendency since August 31, 2023, Defendant's failure to initiate arbitration after successfully moving for arbitration constitutes undue delay. *Id*. Plaintiff has represented that Defendant has responded to none of his many phone calls regarding the status of arbitration, the selection of an arbitration panel, or his attempts to meet-and-confer with the Defendant on setting an arbitration date. ECF No. 19 at 2, ECF No. 27 at 2. Plaintiff contends that, as recently as August 6, 2025, he has attempted to discuss the status of arbitration with Defendant, with no response from the Defendant. ECF No. 29 at 3.

In its response, Defendant has not challenged any factual assertions made by Plaintiff on Defendant's failure to respond to Plaintiff's requests to communicate regarding arbitration since the Court's order granting Defendant's motion to compel arbitration and its motion to stay the case. Instead, Defendant argues that it has no burden to facilitate arbitration of the matter after receiving a favorable ruling on the motion to compel arbitration. ECF No. 23 at 2-3. Defendant argues that the burden of initiating arbitration rests entirely with Plaintiff, who has raised claims against the Defendant that are subject to

arbitration. *Id.* Defendant contends that Plaintiff is responsible for the delay because Plaintiff has not completed the relevant Consumer Demand for Arbitration Form and has failed to submit the form to the American Arbitration Association, as required under the terms of the contract signed between Plaintiff and Defendant. *Id.*

Federal courts may lift a stay pending arbitration upon a finding that "the applicant for the stay is…in default in proceeding with such arbitration." 9 U.S.C. § 3 (allowing for district court to stay proceedings based "on application of one of the parties" seeking arbitration). The inherent ability of the federal courts to lift a stay pending arbitration "ensures that the parties can return to federal court if arbitration breaks down or fails to resolve the dispute." *Smith v. Spizzirri*, 601 U.S. 472, 477 (2024).

The issue of whether a party has defaulted in proceeding with arbitration is a factual matter that rests within the discretion of the district court. *Sink v. Aden Enter., Inc.*, 352 F.3d 1197, 1199-1200 (9th Cir. 2003) (citing to *Woods v. Saturn Distrib. Corp.*, 78 F.3d 424, 427 (9th Cir. 1996)). After arbitration has been ordered, the Federal Arbitration Act permits federal courts "to retain control over the case to the extent necessary to prevent a complete breakdown of the process." *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 653 (9th Cir. 1991). An arbitration will be deemed to have broken down or failed to resolve a dispute when no adjudication of the claims in arbitration have taken place within a reasonable amount of time. *In re Tre Scalini, Inc.*, 178 B.R. 237, 240 (Bankr. C.D. Cal. 1995) (finding that "<u>both parties are in default in proceeding with the arbitration</u>, in consequence of the egregiously long and unexcused delay in commencing or completing the arbitration, which substantially exceeds six months," and holding that "the stay pending arbitration is no longer mandated" under 9 U.S.C. § 3) (emphasis added). The key issue is "whether plaintiff or defendant, or both, were responsible for the delay in instituting arbitration proceedings." *Miller v. Aaacon Auto Transp., Inc.*, 545 F.2d 1019, 1020 (5th Cir. 1977). *See also Morris*, 942 F.2d at 654 (approving the Fifth Circuit's decision in *Miller*). When a stay obtained pursuant to 9 U.S.C. § 3 is misused "for the purpose of delay," and when arbitration is "no longer…a valid avenue for the resolution of the state

claims", courts may vacate the stay and proceed to an adjudication of the case. *Morris*, 942 F.2d at 654.

Here, Defendant is the "party initiating arbitration" under the contract at issue. ECF No. 10-1 at 13 (Ex. C) ("Second Extension Agreement"). Under the terms of the operative agreement's subsection on commencing arbitration, "[t]he party initiating arbitration must choose one of the following arbitration Administrators" listed by the contract and follow their rules and procedures. *Id.* Defendant's argument that it has no burden to facilitate arbitration, after initiating and receiving a favorable ruling on its motion to compel arbitration before this Court, is without merit. The Court's conclusion is further supported by the language of the contract, which includes that "either party" has the ability to submit claims for arbitration. ECF No. 10-1 at 12. Defendant has not shown that, as the party initiating arbitration, it has chosen an arbitration administrator and has followed their rules and procedures as required by the operative contract and its subsection on "Commencing Arbitration." ECF No. 10-1 at 13. *See also* 9 U.S.C. § 3 (allowing for district court to stay proceedings based "on application of one of the parties" seeking arbitration, provided "the applicant for the stay is not in default in proceeding with such arbitration"). The applicant for the stay in this matter is the Defendant, and Defendant is the party seeking to initiate arbitration of the claims at issue.

In addition, Defendant has not addressed any of Plaintiff's allegations of Defendant's failure to respond and communicate with Plaintiff regarding his requests to meet-and-confer on the arbitration this Court ordered. Defendant has also not responded to the issues Plaintiff has raised relating to the Defendant's multiple voice calls seeking payment from Plaintiff and the letter of repossession Defendant sent to Plaintiff. *See* ECF No. 25 at 3 (email indicating Plaintiff's "vehicle is currently assigned for repossession and may be picked up soon.").

Even if the contract did not place the responsibility of initiating arbitration on the party that has sought to compel arbitration and/or stay a pending adjudication in favor of arbitration, Defendant still bears minimum duties inherent in any civil proceeding to

respond to an opposing party's requests to meet-and-confer within a reasonable amount of time. Plaintiff has represented, and Defendant has nowhere disputed, that Plaintiff has called Defendant multiple times across the past calendar year in order to identify an arbitration date or arbitrator for this dispute, with no response from the Defendant. ECF No. 19 at 2. While Defendant argues that "Plaintiff may initiate arbitration by completing a Consumer Demand for Arbitration Form and submitting it to AAA, along with any other information required" (ECF No. 23 at 2), and that Plaintiff has failed to do so since the August 29, 2024 Order, Defendant has not explained why it has made no efforts to respond to Plaintiff's communications regarding the status of the matter that has been compelled into arbitration by Defendant's motion. The Court finds even more concerning Plaintiff's proffer that Defendant has emailed him a notice indicating that his "vehicle is currently assigned for repossession and may be picked up soon." ECF No. 25 at 3. The email notice, as provided by Plaintiff, indicates that Plaintiff is "in default of [his] contract terms for failure to make payments." *Id*. Plaintiff also represents that Defendant has left multiple harassing voicemails on his personal phone regarding his car payments, and Plaintiff has submitted photographic evidence to this effect. *Id*. at 2-8. Plaintiff's credible proffer that the vehicle in dispute has been threatened with repossession by Defendant–despite a pending adjudication with no ruling on the merits–is unacceptable conduct.

While this Court has the inherent authority to retain control over the instant case to the extent necessary to prevent a complete breakdown of the arbitration process, *Morris*, 942 F.2d at 653, including by lifting the stay and ensuring that the parties may return to federal court if the circumstances reflect that arbitration has broken down, has failed to resolve the dispute, *Spizzirri*, 601 U.S. at 477, or as here, has failed to be initiated within a reasonable amount of time, the Court finds that the prudent determination in this case is to order the parties to abide by the Court's Order to Stay Arbitration (ECF No. 18). The Court further orders both parties to abide by the terms of the operative contract and applicable

law (ECF No. 10-1 at 5-6, 12-14), and to initiate and engage in arbitration in good faith.[2] The Court ORDERS the parties to initiate arbitration by November 25, 2025, and the parties shall file a Joint Status Report by December 2, 2025 on the status of the arbitration.

## II. Plaintiff's Motion for Sanctions

Plaintiff raises two motions for sanctions against Defendant. ECF Nos. 24, 25. In the first motion, Plaintiff argues that Defendant missed the briefing deadline set by the Court to respond to Plaintiff's motion to lift the stay. ECF No. 24 at 1-2. Plaintiff contends that Defendant failed to respond to the May 31, 2025 deadline the Court had set in its briefing order. *Id.* Defendant responds, and the Court agrees, that Defendant properly complied with the Court's order by filing its response in opposition to Plaintiff's motion to lift the stay on May 30, 2025. *See* ECF No. 23 *and* ECF No. 26 at 2. As a result, Plaintiff's motion for sanctions in ECF No. 24 is DENIED.

In the second motion, Plaintiff argues that Defendant has harassed him by numerous calls and a letter threating repossession of his car. ECF No. 25 at 1-2. Plaintiff contends that, instead of responding to the multiple efforts Plaintiff has made to advance the case in arbitration, Defendant has attempted to obtain a favorable outcome through direct and harassing communications with Plaintiff. *Id.* Plaintiff's proffer includes both an email allegedly from Defendant indicating that Plaintiff's car may soon be repossessed, and multiple voicemails Plaintiff has represented as being harassing in nature. *Id*. at 3-8. Defendant has not responded to Plaintiff's second motion for sanctions on the nature of its communications with Plaintiff, who proceeds *pro se* in this matter.

---

[2] The intent of Congress in the passage of the Federal Arbitration Act was "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Spizzirri*, 601 U.S. at 478 (citation omitted). The present status of the case, more than a year since the motion to compel arbitration was granted, does not reflect "efficient" or "expeditious" progress in the matter as a result of the Court's decision to grant Defendant's motion to compel arbitration and stay the case pending the arbitration process. *See Aden Enter.*, 352 F.3d at 1201-1202.

Federal courts maintain "the inherent power to impose sanctions for the bad-faith conduct" of the parties. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). The courts' inherent power may include, and reach beyond, Federal Rule of Civil Procedure 11 in order to address sanctionable conduct by the parties. *Id.* at 50-51. Before determining "that the requisite bad faith exists," courts must allow the opposing party notice and the opportunity to respond. *Id.* at 50. The Court's authority to issue sanctions and preserve property while a matter is stayed pending arbitration derives from the federal court's supervisory role over a stayed action, when arbitration has broken down or where a failure of initiation exists. *See Morris*, 942 F.2d at 653-654 (finding that, after entering a stay, a federal court may "retain control over the case to the extent necessary to prevent a complete breakdown of the process," and finding that "the ability of a party to preserve property in the event of a future judgment lien" would be within the district court's jurisdiction, not the arbitrator's).

As a result of the Court's order to re-direct parties to arbitration, *see* Sec. I, pp. 6-7, the Court DENIES without prejudice Plaintiff's second motions for sanctions. In the event arbitration is not commenced by November 25, 2025, the Court, absent good cause for delay in its commencement as presented in a Join Status Report ordered to be filed in this matter, will grant the motion to lift the stay and retain jurisdiction over the entirety of the case. At that time, the Court will address Plaintiff's second motion for sanctions after providing Defendant with an opportunity to respond.

///

///

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to lift the stay in ECF No. 19 is DENIED without prejudice;
2. Plaintiff's first motion for sanctions in ECF No. 24 is DENIED;
3. Plaintiff's second motion for sanctions in ECF No. 25 is DENIED without prejudice;
4. The parties shall meet and confer on or before **October 17, 2025** regarding the procedures and dates of arbitration in order to initiate arbitration of the instant matter no later than **November 25, 2025**; and
5. The parties shall file a Joint Status Report regarding the status of arbitration and compliance with the Court's order compelling arbitration by **December 2, 2025.**

**IT IS SO ORDERED.**

DATED: September 29, 2025

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE