UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CARREA CHRISTOPHER,<br><br>Plaintiff,<br><br>v.<br><br>SANTANDER CONSUMER USA Inc.,<br><br>Defendant. | Case No.: 3:23-cv-01608-JAH-DEB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>**[ECF No. 31]** |

## BACKGROUND

On October 3, 2025, Plaintiff Carrea Christopher ("Plaintiff") filed a motion for sanctions and entry of default against Defendant Santander Consumer USA, Inc. ("Defendant"). ECF No. 31. On October 13, 2025, Defendant filed its response in opposition. ECF No. 32.

Plaintiff has filed an application for sanctions and default judgment against Defendant because, according to Plaintiff, Defendant interjected a request for tax-related information after a confidential settlement had been reached. ECF No. 31 at 1. Plaintiff claims Defendant's request seeks confidential information that amounts to bad faith and is an unmerited request that makes it impossible to enter arbitration with Defendant. *Id.* at 2. As a result, Plaintiff seeks sanctions and default judgment against the Defendant.

Defendant responds by arguing that, while "Plaintiff and SC did reach an agreement on terms of a settlement," which Plaintiff executed, Plaintiff has not met Defendant's requirements for settlement.  ECF No. 32 at 2.  Defendant contends that to trigger completion of the settlement in its entirety, Plaintiff "agreed to provide a completed W-9 form" to the Defendant.  *Id.*  Now, Defendant contends that "Plaintiff has refused to provide a completed W-9 form to SC."  *Id.*  Defendant argues that this last-stage dispute as to the full and final settlement of the case "may be resolved…by plaintiff providing a completed W-9 form to SC's counsel."  *Id.*

## DISCUSSION

The district court retains inherent jurisdiction over accepting or denying settlement agreements in its pending cases when the parties seek dismissal of an action by court order.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994).  Because the deadline to commence arbitration set by this Court has not yet passed (*see* ECF No. 30 at 9), and because the case has not yet been transferred into arbitration, this Court retains jurisdiction and supervisory control over the matter.  *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 653 (9th Cir. 1991).  Prior to issuing an order to dismiss a case based on settlement, the district court "may, in the court's discretion," include the retention of federal court jurisdiction over the settlement agreement as a condition of dismissal.  *Id.* at 381-82.  Such authority derives from the federal court's authority "to manage its proceedings, vindicate its authority, and effectuate its decrees" over the cases on its docket.  *Id.* at 380.

The receipt of a monetary award through settlement is presumed to be reportable income to the federal government, unless the recipient can prove otherwise.  *C.I.R. v. Schleier*, 515 U.S. 323, 327-28 (1995) (interpreting federal tax law to require that "gross income means all income from whatever source derived" unless the taxpayer demonstrates that he meets an express exception provided in the tax code) (citation omitted).  *See also Milenbach v. C.I.R.*, 318 F.3d 924, 933 (9th Cir. 2003) (holding that "[t]he taxpayer bears the burden of establishing that proceeds of a settlement are what the taxpayer contends

them to be."). Settlement awards that derive from breaches of contract are ordinarily considered taxable gross income for the recipient of such award, whereas awards that derive from tort may be excluded from taxable income as "compensation for personal injuries or sickness." *Schleier*, 515 U.S. at 328-29. The payment of a settlement award by a corporation may also be considered as an "ordinary and necessary" business expense for purposes of tax reporting under federal law. *United States v. Hilton Hotels Corp.*, 397 U.S. 580, 582 (1970). *See also Smith v. C.I.R.*, 300 F.3d 1023, 1029 (9th Cir. 2002).

First, Plaintiff contends that Defendant's request for his Internal Revenue Service Form W-9 ("Request for Taxpayer Identification Number and Certification") constitutes sanctionable conduct. ECF No. 31 at 1-2. Plaintiff's contention is without merit. Conduct by a party may be deemed sanctionable when it involves "abuse [of] the judicial process," "a series of meritless motions and pleadings and delaying actions," and conduct that is frivolous or harassing towards the opposing party. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 38 (1991). A corporation may seek tax information of an individual, related to the disbursement of a settlement award, in order to report that award as a business expense for purposes of the corporation's federal tax assessment. *See e.g. Smith*, 300 F.3d at 1029. Defendant's request for Plaintiff's W-9 tax form is not frivolous or harassing, but instead clearly <u>reasonable</u>. Plaintiff is incorrect in his argument that Defendant has violated law, or engaged in "bad faith and unmerited requests" when the Defendant requires Plaintiff to provide his W-9 tax form as a condition of settlement. ECF No. 31 at 2. And where tax consequences of a settlement are triggered, a simple question about a party's tax filings that implicates those tax consequences does not amount to any type of discrimination, sanctionable conduct, or violation of a party's privacy or constitutional rights. As such, Defendant's questions regarding Plaintiff's taxes are deemed reasonable and not sanctionable.

Second, Plaintiff has presented facts indicating that he has agreed to the terms of the settlement agreement and has executed the confidential agreement with the Defendant, but has now decided that he does not want to provide Defendant with his W-9 form because of

the "confidential" nature of this information.  ECF No. 31 at 1-2.  Because the definition of income includes <u>any</u> "accesio[n] to wealth," and because the burden rests on the taxpayer to demonstrate "whether the [settlement] awards qualify for special exclusion from gross income" under the federal tax code, Plaintiff must comply with all relevant federal laws and regulations in the determination and reporting of any settlement awards he may receive as a part of this case.  *United States v. Burke*, 504 U.S. 229, 234 (1992) (explaining the narrow scope of the Internal Revenue Code's exceptions to gross income that must be reported to the government).  Because a settlement award in this matter may constitute an accession to wealth, it will be Plaintiff's burden to prove during the filing of his tax return whether an exception exists to the reporting of taxable gross income from the settlement award he may receive.[1]  For the foregoing reasons, Plaintiff's motion for sanctions against Defendant based on Defendant's request of the W-9 tax form is DENIED.

Third, based upon the pleadings submitted by Plaintiff and Defendant, *see* ECF Nos. 31 & 32, the parties have attempted to resolve this matter short of formal arbitration.  Such an effort is an admirable one, and may create incentives toward more flexibility in settlement terms as there are generally costs associated with arbitration proceedings.  To the extent the parties have pursued settlement prior to the deadline set by this Court to initiate arbitration and have jointly agreed to complete this alternative resolution, and to the extent that Plaintiff may be concerned about disclosing his confidential information to an opposing party, such as his Social Security number as required on the W-9 Form, the parties may consider an agreement of confidentiality and non-disclosure other than disclosure to the I.R.S. related to this information.[2]

---

[1] Defendant's request for a federal tax form from Plaintiff associated with a final monetary payment in this case is not a meritless or bad faith request on the eve of settlement, as Plaintiff presents it, but a wholly important one.

[2] The Court will also be amenable to a request to retain jurisdiction over the settlement agreement in this case after it has been completed and until any payments related to the agreement or other material conditions have been completed.  *See Kokkonen*, 511 U.S. at

Lastly, as stated, the November 25, 2025 deadline to commence arbitration set by this Court has not yet passed (*see* ECF No. 30 at 9), and because the case has not yet been transferred into arbitration, this Court retains jurisdiction and supervisory control over the matter. *See Morris*, 942 F.2d at 653. Per this Court's order compelling arbitration in the matter, the parties have been ordered to comply with the terms of arbitration set forth in their contract. *Id*. at 7-8. The Court has also clarified terms regarding the language of the arbitration clause and has set a timeline for the initiation of arbitration. *See* ECF No. 30.

To the extent that the parties are unable to resolve the matter between themselves, this Court's order re-directing the parties to formal arbitration remains in full force and effect. *See* ECF No. 30 at 9. Because of the arguments involved in the instant motion, and the Court's decision herein to clarify those issues, the Court finds good cause to provide additional time to the parties to commence arbitration.[3] The Court HEREBY AMENDS the schedule for the parties, as set forth below, to allow both parties additional time to initiate arbitration.

Because Plaintiff presents no other grounds for entry of default judgment in Plaintiff's favor, and no legal arguments in support of this separate motion, Plaintiff's motion for entry of default judgment is also DENIED.

///

///

---

381-82 (holding that the federal court can maintain jurisdiction over a matter after dismissal if the parties agree to include such a provision in their settlement agreement and proposed order of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A), or alternatively, the court may order retained jurisdiction over the matter if the parties seek dismissal by court order pursuant to Federal Rule of Civil Procedure 41(a)(2)).

[3] Collateral matters relating to settlement discussions are also within the discretion of the arbitrator. *See* ECF No. 18 at 7. As such, the arbitrator may impose a reasonable settlement term relevant to the subject at issue in this case.

# CONCLUSION

This case has been pending before the Court for more than two years. While Plaintiff's pleadings must be "liberally construed" by the Court in light of his *pro se* status, *see e.g. Entler v. Gregoire*, 872 F.3d 1031, 1038 (9th Cir. 2017) *and see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court will not allow motions to be filed in this matter without legal basis or without citation to any legal authority. The Court cautions the Plaintiff from filing additional unmerited motions for sanctions.

Accordingly, the Court ORDERS:

1. Plaintiff's motions in ECF No. 31 are DENIED;

2. The Court finds that Plaintiff and Defendant have substantially complied with the Court's prior order directing the Parties to meet-and-confer by October 17, 2025 (ECF No. 30 at 9);

3. The Court **AMENDS** the prior deadline to file an arbitration proceeding in the instant matter from November 25, 2025 to December 30, 2025 (ECF No. 30 at 9). The Parties must initiate arbitration of the instant matter no later than **December 30, 2025**; and

4. The Court **AMENDS** the prior deadline to file a Joint Status Report in the matter from December 2, 2025 to February 16, 2026 (ECF No. 30 at 9). The Parties must file a Joint Status Report regarding the status of arbitration and compliance with the Court's order compelling arbitration by **February 16, 2026**.

All other terms and conditions of the Court's orders in ECF Nos. 18 and 30 shall remain in full force and effect.

**IT IS SO ORDERED.**

DATED: November 21, 2025

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

3:23-cv-01608-JAH-DEB